IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHY BROWN, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED RESTAURANT OPERATIONS, INC.,<br><br>Defendant. | No.: 3:12-cv-0788<br>Judge Nixon<br>Magistrate Judge Bryant<br><br>OPT IN COLLECTIVE ACTION<br>JURY DEMANDED |

## INITIAL CASE MANAGEMENT ORDER

Plaintiffs and Defendant, by and through the undersigned counsel and pursuant to Local Rule 16.01, respectfully submit to the Court the following Initial Case Management Order:

1. **Jurisdiction:**

The parties agree that this Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 over Plaintiff's individual FLSA claims. The Court also has personal jurisdiction over the Plaintiff, who is a resident of Davidson County, Tennessee, and Defendant, El Chico Restaurants, Inc., which does business in the state of Tennessee. Defendant denies that Consolidated Restaurant Operations, Inc. does business in the State of Tennessee,

2. **Plaintiff's theory of the case**: Plaintiff believes and asserts that for the past three (3) years, Defendant has consistently denied Plaintiff, and other employees occupying similar positions as Plaintiff, the minimum wage compensation to which they are entitled under the FLSA by requiring Plaintiff, along with other employees: (i) to purchase uniforms including, but

not limited to, white oxford shirts (and subsequently green, pink, blue or yellow uniform short-sleeve shirts with pin point collars), black safety shoes, black slacks and black socks and (ii) to personally pay for the cost of cleaning their uniforms. Defendant has violated, and continues to violate, 29 U.S.C. § 206(a)(1) by failing and refusing to compensate Plaintiff, and other employees occupying similar positions, the required minimum wage.

3. **Defendant's theory of the case:**

El Chico Restaurants, Inc., not Consolidated Restaurant Operations, Inc., was Plaintiff's employer. Consolidated Restaurant Operations, Inc. is not a proper Defendant to this lawsuit.

As set forth in its Motion for Partial Dismissal, Plaintiff's collective action claims should be dismissed because each of the members of Plaintiff's putative class is subject to a binding arbitration agreement. Although Plaintiff has waived her right to arbitration for her individual FLSA claims, Plaintiff cannot use her class claims to undermine the contractual arbitration rights of El Chico and the members of her putative class. In the alternative, Plaintiff's collective action claims are not appropriate for class certification.

El Chico Restaurants paid Plaintiff properly, and in good faith, pursuant to the FLSA. Its dress code is not a uniform. Further, all clothing was subject to the wash and wearing laundry exception.

4. **Identification of the issues:**

    **Resolved:**    Jurisdiction and venue, as to Plaintiff's individual FLSA claims against her employer El Chico Restaurants, Inc.

    **Unresolved:**

i) Whether Plaintiff's collective action claims are precluded in light of the arbitration agreements between El Chico and her putative class members.

ii) Liability and damages, as to whether the Defendant violated the Fair Labor Standards Act and whether this case is properly maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b), as well as the extent and amount of damages sought by the Plaintiff and, if deemed appropriate following resolution of Defendant's Motion for Partial Dismissal, others similarly situated in this matter.

5. **Class Action Certification.** Plaintiff brings this action as a collective action on behalf of herself and others similarly situated in accordance with 29 U.S.C. § 216(b). Defendant has moved to dismiss Plaintiff's collective claims and further denies this case is appropriate as a collective action. Plaintiff has moved to conditionally certify the class, and the parties have agreed to a short stay of that motion pending the resolution of Defendant's Motion for Partial Dismissal. The parties have agreed that Defendant's Response to Plaintiff's motion to conditionally certify the class, if needed, will be due within 60 days following the Court's ruling on Defendant's Motion for Partial Dismissal.

6. **Witnesses, if known, subject to supplementation for each party.**

(a) Plaintiff's anticipated witnesses:

   Kathy Brown

   Other employees similarly situated

(b) Defendant's anticipated witnesses: At this time, and because of Defendant's Motion for Partial Dismiss, Defendant anticipates the following non-rebuttal witnesses:

   Don Dungy

   Michael Gerlach

3

## 7. INITIAL DISCLOSURES AND STAGING OF DISCOVERY

In light of Defendant's Motion for Partial Dismissal and the issues raised therein, the Parties propose that discovery be conducted in two separate phases. In the first phase Plaintiff will be allowed to take limited discovery related to the Defendant's Motion for Partial Dismissal. Within the next sixty days, the parties have agreed to the following discovery related to the issues raised in Defendant's Motion for Partial Dismissal:

> Defendant will provide Plaintiff its Associate Advisor (employee handbook)
>
> Plaintiff will serve a reasonable set of tailored requests for production on Defendant
>
> Plaintiff will conduct a Rule 30(b)(6) deposition on Defendant

The parties have agreed that all other discovery, including initially disclosures, will be stayed pending the resolution of Defendant's Motion for Partial Dismissal.

As the posture of this case changes depending on how the Court rules on the Motion for Partial Dismissal, the Parties believe that a second Case Management Conference would be appropriate upon the Court's ruling on the Motion for Partial Dismissal at which time new deadlines will be proposed based upon the posture of the case.

## 8. DISPOSITIVE MOTIONS:

The parties have agreed to a short stay of the Defendant's Motion for Partial Dismissal, temporarily to allow Plaintiff to conduct limited discovery on the issues raised therein. The parties propose the following briefing schedule for Defendant's Motion:

4

(a) Deadline for completion of discovery related to Defendant's Motion for Partial Dismissal: **November 20, 2012**

(b) Deadline for filing responses to Defendant's Motion for Partial Dismissal: **December 10, 2012**

(c) Deadline for filing a reply to Defendant's Motion for Partial Dismissal **December 28, 2012**

Dispositive motions and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

9. **OTHER DEADLINES**

The Parties agree to meet and confer to agree to other deadlines as may be necessary based upon the Court's ruling on the Motion for Partial Dismissal.

Defendant's Response to Plaintiff's Motion for Conditional Certification, if needed, shall be within 60 days following the Court's ruling on Defendant's Motion for Partial Dismissal.

10. **SUBSEQUENT CASE MANAGEMENT CONFERENCES:**

~~A subsequent case management conference is scheduled to take place on or before May 3, 2013, but the Parties are agreeable to an earlier or later date, depending on when the Court issues its ruling on Defendant's Motion for Partial Dismissal.~~ (JSB)

Following the Court's ruling on the pending Motion for Partial Dismissal (D.E. No. 14), the parties shall file a motion to set a follow-up case management conference in order to set additional pretrial deadlines.

11. **ALTERNATE DISPUTE RESOLUTION:**

The parties have not reached an agreement regarding the use of mediation

12. **TARGET TRIAL DATE:**

To be determined at the next Case Management Conference.

_____
JOHN S. BRYANT
United States Magistrate Judge


APPROVED FOR ENTRY:

**GILBERT RUSSELL McWHERTER PLC**

s/ Michael L. Russell
_____
MICHAEL L. RUSSELL (20268)
KARA B. HUNTER (30199)
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37027
Telephone: 615-467-6372
mrussell@gilbertfirm.com
khunter@gilbertfirm.com

CLINTON H. SCOTT (23008)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF and
OTHERS SIMILARLY SITUATED*

**WALLER LANSDEN DORTCH & DAVIS, LLP**

/s Robert E. Boston
Robert E. Boston (TN Bar # 9744)
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
Fax: (615) 244-6804
Email: bob.boston@wallerlaw.com

GRUBER HURST JOHANSEN HAIL SHANK
Mark A. Shank (admitted *pro hac vice*)
(TX Bar No. 18090800)
Rachel D. Ziolkowski (admitted *pro hac vice)*
(TX Bar No. 24003234)
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800
Fax: (214) 855-6808
Email: mshank@ghjhlaw.com
rziolkowski@ghjhlaw.com

*ATTORNEYS FOR DEFENDANT*