IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KATHY BROWN, and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No.: 3:12-cv-0788 |
| | ) | Judge Nixon |
| v. | ) ) | Magistrate Judge Bryant |
| CONSOLIDATED RESTAURANT OPERATIONS, INC., | ) ) ) | OPT IN COLLECTIVE ACTION JURY DEMANDED |
| Defendant. | ) ) | |

[Handwritten annotation in margin: ORDER / The motion is DENIED, but the Defendant is granted leave to file any responsive, including a limited sur-reply/affidavit. /s/ [signature] 8-5-13]

**DEFENDANT'S MOTION TO STRIKE DECLARATION OR,
IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Consolidated Restaurant Operations, Inc. ("CRO") files this Motion to Strike Declaration or, in the Alternative, Motion for Leave to File Sur-Reply and states:

**A.   Motion to Strike Plaintiff's Declaration**

On June 12, 2013, Plaintiff filed her Reply to Defendant's Response to Plaintiff's Motion for Notice. In that Reply, Plaintiff attached a new declaration in which Plaintiff offers new evidence in an attempt to bolster her motion for conditional certification. Specifically, Plaintiff offers new details regarding her uniform and laundering allegations which could have been presented in Plaintiff's original motion, but were not. There is no discernible reason why this evidence, which was in Plaintiff's control, was not presented in her original briefing. New evidence is not appropriate in a reply brief:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief – they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to

1