IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHY BROWN, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED RESTAURANT OPERATIONS, INC.,<br><br>Defendant. | No.: 3:12-cv-0788<br>Chief Judge Haynes<br>Magistrate Judge Bryant<br><br>OPT IN COLLECTIVE ACTION<br>JURY DEMANDED |

## AMENDED INITIAL CASE MANAGEMENT ORDER

Plaintiff and Defendant, by and through the undersigned counsel and pursuant to Local Rule 16.01, respectfully submit to the Court the following Initial Case Management Order:

### I. Jurisdiction and Venue:

The parties agree that this Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 over Plaintiff's individual FLSA claims.

### II. Parties' Theories of the Case

#### A. Plaintiff's Theory of the Case

Plaintiff believes and asserts that for the past three (3) years, Defendant has consistently denied Plaintiff, and other employees occupying similar positions as Plaintiff, the minimum wage compensation to which they are entitled under the FLSA by requiring Plaintiff, along with other employees: (i) to purchase uniforms including, but not limited to, white oxford shirts (and

subsequently green, pink, blue or yellow uniform short-sleeve shirts with pin point collars), black safety shoes, black slacks and black socks and (ii) to personally pay for the cost of cleaning their uniforms. Defendant has violated, and continues to violate, 29 U.S.C. § 206(a)(1) by failing and refusing to compensate Plaintiff, and other employees occupying similar positions, the required minimum wage.

B.  **Defendant's Theory of the Case**

El Chico Restaurants, Inc., not Consolidated Restaurant Operations, Inc., was Plaintiff's employer. Consolidated Restaurant Operations, Inc. is not a proper Defendant to this lawsuit.

El Chico Restaurants paid Plaintiff properly, and in good faith, pursuant to the FLSA. Its dress code is not a uniform. Further, all clothing was subject to the wash and wearing laundry exception. Plaintiff's collective action claims are not appropriate for class certification.

III. **Schedule of Pretrial Proceedings**

A. **Rule 26(a)(1) Disclosures**

The parties shall make their Rule 26(a)(1)(A) through (E) initial disclosures within thirty (30) days from the date of the initial case management conference. Therefore, the parties' initial disclosures will be due on or before **September 29, 2013**.

B. **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the

2

Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. **Other Pretrial Discovery Matters**

As determined at the initial case management conference on **Friday, August 30, 2013**, this action is set for a jury trial on _November 4, 2014_ at _9:00 a.m._

If this action is to be settled, the Law Clerk shall be notified by noon on _October 31, 2014_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pre-trial conference shall be held _Monday October 20, 2014_ at _3:00 pm_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **June 30, 2014**.[1] All written discovery shall be submitted in sufficient time so that the response shall be in hand by **May 30, 2014**. All discovery related motions shall be filed by the close of business on **July 9, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

---

[1] Currently pending before this Court is Plaintiff's Motion for Notice to putative class members. Should this Court grant that motion, the Parties recognize these dates may need to be adjusted based upon the number of opt-ins Plaintiffs.

3

All dispositive motions[2] and <u>Daubert</u> motions shall be filed by the close of business on **June 30, 2014**, and any response thereto shall be filed by the close of business on **July 21, 2014**. Any reply shall be filed by the close of business on **July 31, 2014**.[3]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time allowed for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By close of business on **April 14, 2014**, the plaintiff shall declare to the defendant (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in rule 26(a)(2)(B).

By close of business on **May 14, 2014**, the defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **June 4, 2014.** There shall not be any rebuttal expert witnesses.

---

[2] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[3] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

4

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this the 30th day of August, 2013.

WILLIAM J. HAYNES, JR.
United States Chief District Judge